IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALVIN LYNIOL ROBINSON,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. CR 88-00336 CRB<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR AMEND SENTENCE; PETITIONER'S MOTION FOR DISCOVERY; AND PETITIONER'S MOTIONS TO MODIFY HIS TERM OF IMPRISONMENT** |

　　　　Defendant Calvin Lyniol Robinson has filed the four pro se motions currently before the Court challenging his sentence. First, Robinson has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, see Mot. to Vacate (dkt. 795), asserting (1) an equal protection violation and (2) a due process violation related to selective prosecution, both based in part on a memo from the Attorney General's office and allegedly inappropriate charging practices. Id. Second, Robinson has filed a notice and petition for discovery pursuant to 28 U.S.C. § 2255. See Pet. for Disc. (dkt. 796). Robinson contends that under Section 2255 he is entitled to multiple types of discovery. Id. Third, Robinson has filed two motions to modify his term of imprisonment under 18 U.S.C. § 3582 based on a 1994 amendment to the Sentencing Guidelines. See Mot. for Modification (dkt. 787); Mot. to Reduce Sentence (dkt. 801). The government argues that both the Motion to Vacate and Petition for Discovery are procedurally barred and also fail on the merits. See United States

Mot. to Dismiss (dkt. 807). The government argues that both motions for modification should also be denied, because Robinson is ineligible for a sentence reduction. See United States Opp'n to Mot. (dkt. 805). Robinson's motions are DENIED, as explained below.

## I.     BACKGROUND

Robinson was convicted of conspiracy to import hashish and marijuana as well as other related offenses. See United States v. Robinson, 913 F.2d 712, 713 (9th Cir. 1990). The charges involved a conspiracy organized by Robinson to import forty-three tons of hashish and thirteen tons of marijuana. See id. After Robinson's trial, at which he represented himself, he was convicted by the jury on all counts. Id. at 713–14. On June 25, 1992, the court sentenced Robinson to life imprisonment, a five-year term of supervised release, a fine of $4,000,000, costs of confinement, and costs of supervision. See Min. Entry (dkt. 649). At the time of sentencing, Robinson's base offense level was thirty-six with an adjusted offense level of forty. See Sentence Reduction Investigation Report (dkt. 804). Given Robinson's criminal history—Category IV—his sentencing guideline range was 360 months to life. Id.

On June 8, 1989, Robinson filed his first appeal from the judgement of the district court. See Notice of Appeal (dkt. 541). The Ninth Circuit affirmed Robinson's conviction but remanded for resentencing and appointment of counsel due to the district court's previous denial of Robinson's request for counsel during sentencing. See Robinson, 913 F.2d at 712. Upon remand, Robinson was appointed counsel and sentenced to life imprisonment, a five-year term of supervised release, a fine of $4,000,000, costs of confinement, and costs of supervision. See Min. Entry (dkt. 649). Robinson appealed again to the Ninth Circuit. See Notice of Appeal (dkt. 651). The Ninth Circuit affirmed the district court's judgment. See United States v. Robinson, 12 F.3d 1110 (9th Cir. 1993) (unpublished).

Following Robinson's two direct appeals, he filed two motions which included claims under 28 U.S.C. § 2255. See 28 U.S.C. § 2255 Mtn. (dkt. 683); Original Mot. (dkt. 688). In a written order dated August 19, 1996, Robinson's two § 2255 petitions under were denied. See Order Den. 28 U.S.C. § 2255 Mtn. (dkt. 720). Robinson appealed that order. See Notice

of Appeal (dkt. 723). On May 26, 1998 the Ninth Circuit affirmed the district court's decision. See United States v. Robinson, 152 F.3d 931 (9th Cir. 1998) (unpublished). On July 14, 1999 Robinson filed a second motion to vacate his sentence. See Notice and Mot. (dkt. 731). Robinson's motion was denied as a successive motion without the certification required by Section 2255. See Order Den. Mot. (dkt. 737).

On September 24, 2001, Robinson filed a motion to modify his sentence pursuant to 18 U.S.C § 3582. See Notice and Mot. (dkt. 742). This court denied the motion on December 7, 2001. See Order Den. Mot. to Modify (dkt. 750). Robinson appealed to the Ninth Circuit, which affirmed the court's judgment. See United States v. Robinson, 54 F. App'x 668 (9th Cir. 2003). On September 20, 2007, Robinson filed a second motion to modify his sentence pursuant to 18 U.S.C § 3582. See Mem. of Law (dkt. 768); Notice and Mot. (dkt. 769). Robinson's second motion to modify his sentence was denied by this court. See Order Den. Mot. to Modify (dkt. 770). Defendant appealed this decision. See Notice of Appeal (dkt. 779). The Ninth Circuit denied this appeal in 2008. See J. of USCA (dkt. 785).

Before the Court are four motions by Robinson. First, Robinson submits a third § 2255 motion to set aside or correct his sentence. See Mot. To Vacate. Robinson alleges in this motion that due to the misapplication of sentence enhancements under 21 U.S.C. § 851, his due process rights were violated. See id. Second, Robinson submits a motion for discovery pursuant to 28 U.S.C. § 2255. See Pet. for Disc. Robinson alleges in his discovery motion that he is afforded various discovery rights under § 2255. Id. Third, Robinson submits a third motion to modify his sentence pursuant to 18 U.S.C § 3582. See Mot. for Modification (dkt. 787). Robinson alleges in his third petition to modify that a 1994 amendment to the United States Sentencing Guidelines should be retroactively applied to his case, asserting that the amendment would lower his adjusted offense level. See id. Fourth, Robinson submits a fourth motion to modify his sentence pursuant to 18 U.S.C § 3582. See Mot. to Reduce Sentence. Robinson alleges in his fourth motion to modify that Amendment 782 to the United States Sentencing Guidelines should be retroactively applied to his sentence as it would lower his adjusted offense level. See id.

## II. DISCUSSION

For the following reasons, the Court concludes that both of Robinson's motions under Section 2255 are procedurally barred. First, the motions are untimely because Robinson waited over a year after his conviction to raise a claim, see 28 U.S.C. § 2255(f), and he has not made a showing that the statute of limitations should be equitably tolled. See United States v. Battles, 362 F.3d 1195, 1196–97 (9th Cir. 2004). Second, the motions are "second or successive" under § 2255 and have not been authorized by the Court of Appeal. See 28 U.S.C. § 2255(h).

Furthermore, the Court concludes that both of Robinson's motions to modify his sentence are without merit. To be eligible for a sentence reduction under Section 3582, Robinson needs to satisfy a two-step test outlined by the Supreme Court. See Dillon v. United States, 560 U.S. 817, 827 (2010). The Sentencing Guidelines amendment that Robinson cites in his motions does not lower his offense level or guideline range, and therefore he does not meet step one of the Dillon test. See id.

### A. Petitioner's Motions Under § 2255 are Untimely

Petitioner's motions are untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gives the court jurisdiction to entertain petitions for a writ of habeas corpus on behalf of a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that . . . the sentence was in excess of the maximum authorized by law." See 28 U.S.C. § 2255(a). However, petitions must be filed within a year running from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

See 28 U.S.C. § 2255(f).

A conviction is final when the opportunity for direct review has been exhausted. See United States v. Aguierre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting Jimenez v. Quarterman, 555 U.S. 113, 119 (2009)) (stating that "the conclusion of direct review occurs when '[the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari'"); see also Clay v. United States, 537 U.S. 522, 527 (2003). The Court sentenced Robinson on June 25, 1992. See Min. Entry (dkt. 649). Robinson appealed, and the Ninth Circuit affirmed the district court's judgement. See Robinson, 12 F.3d at 1110. Consequently, Robinson's conviction became final on November 18, 1993. See id. Petitioner filed these motions under Section 2255 well after the 1 year statute of limitations, and made no showing that he was entitled to equitable tolling. See Mot. to Vacate; Pet. for Disc. The Court thus concludes that Petitioner's claim is time-barred.[1]

### B. Robinson's Motions are Second or Successive Under 28 U.S.C. § 2255(h)

Robinson's motions are procedurally barred because they are second or successive petitions not authorized by the Court of Appeal.[2] A petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition, like Petitioner's claims here in his § 2255 motions. See Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Section 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" The motion must contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] No other exception to the statute of limitations is applicable here. Robinson contends that United States Attorney General Eric Holder's September 24, 2014 memo regarding sentence enhancements under 21 U.S.C § 851 is a newly discovered fact supporting his claim. The Court concludes that argument fails and thus Robinson's time-barred claim is not excused by § 2255(f)(3) or § 2255(f)(4).

[2] As noted above, this is Robinson's third § 2255 motion.

5

28 U.S.C. § 2255(h) (emphasis added). Robinson has made no such showing, and no Court of Appeal certified this second or successive petition; the Court thus concludes that the petitions are procedurally barred. See id.

C.  Robinson's Motions to Modify His Sentence are Without Merit

Robinson alleges that Amendment 782 to the United States Sentencing Guidelines lowers his previously calculated guideline range and affects the length of his sentence. See Mot. for Modification; Mot. to Reduce Sentence. The Supreme Court has addressed the process for applying retroactive amendments and formulated a two-step process for courts to follow. See Dillon, 560 U.S. at 827. Dillon applies to cases that involve sentence modification under U.S.S.G. § 1B1.10. Id. at 826. Given that Amendment 782 changes, and in some places lowers, offense levels related to drug offences like Robinson's, these motions fall within Section 1B1.10, and the Dillon two-step process applies. See U.S. Sentencing Guidelines Manual § 1B1.10; Dillon, 560 U.S. at 827.

Step one of the Dillon court's two-step process requires the Court to determine what, if any, affect the amended sentencing guidelines have on the moving party. 560 U.S. at 827. Step two of the inquiry focuses on whether the sentence reduction is warranted. Id. Thus, without an actual reduction in sentence under step one of the Dillon inquiry, the analysis is over and the Court will not modify the movant's sentences.

After Robinson was convicted in 1989, he was ultimately held responsible for twelve tons (10,866 kilograms) of marijuana and 37.5 tons (34,019 kilograms) of hashish which yields a total marijuana equivalency of 180,981 kilograms. See Sentence Investigation Report (dkt. 804). Robinson's base offense level was thirty-six, and a four-level upward role adjustment was applied. Id. Robinson's adjusted offense level thus stood at forty. Id. Given Robinson's criminal history category of IV, his guideline range was from 360 months to life. Id.

Under Amendment 782, the base offense level for marijuana and hashish applicable to Robinson's case actually rose to thirty-eight. See U.S. Sentencing Guidelines Manual

Amendment 782 (11/1/15); Sentence Investigation Report.  Adding in Robinson's four-level upward role adjustment yields an adjusted offense level of forty-two.  See Sentence Investigation Report.  Thus, Robinson's adjusted offense level actually rises with application of Amendment 782.  Id.  Coupled with Robinson's criminal history category of IV, his guideline range remains at 360 months to life.  Id.  Robinson thus fails to meet the first factor of the Dillon, and the Court concludes that his requests for modification fail.  See Dillon, 560 U.S. at 827.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES both Robinson's § 2255 motions.  The court further DENIES Robinson's two motions under Section 3582.

**IT IS SO ORDERED.**

Dated: January 21, 2016

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE